JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Richard Koballa ("appellant"), appeals his conviction for felonious assault, in violation of R.C. 2903.11. For the reasons stated below, we affirm the decision of the trial court.
 I. {¶ 2} On or about June 10, 2002, the victim, Michael Zinicola ("Zinicola"), picked up appellant and co-defendant, David Carp ("Carp")[1], on the corner of West 58th Street and Clark Avenue in the City of Cleveland, Ohio, and drove them back to Zinicola's condominium in Rocky River, Ohio.[2] Zinicola testified that the purpose of their meeting was sexual in nature, to wit: disrobe, masturbate, and talk about sex. Upon arrival at the condominium, and after a short introduction, Carp and appellant went into the bathroom. The facts at this point are disputed.
 {¶ 3} Appellant testified that Carp handed him a razor blade and said, "Cut him if he do anything. Cut him or I'll cut you." After appellant and Carp left the bathroom, they found Zinicola on his knees propositioning Carp for oral sex. Carp declined and Zinicola turned his attention to appellant, calling him the "chosen one." Zinicola continued to shuffle towards appellant as appellant backed away. Zinicola then grabbed appellant's testicles and arm, requesting oral sex. Appellant testified he feared he would be raped or killed, and in order to protect himself he cut Zinicola with the razor blade. Zinicola's version of the facts is drastically different.
 {¶ 4} According to Zinicola, after Carp and appellant exited the bathroom, they joined him in the living room. Zinicola testified he asked if anyone wanted to leave, and both appellant and Carp answered no. Appellant then rose from his chair, walked over to Zinicola, and slashed Zinicola's neck with the razor blade. Carp and appellant then fled from the condominium. Zinicola testified that at no time did he touch either appellant or Carp. Further, he testified that prior to the slashing, the parties neither fought nor argued.
 {¶ 5} On June 11, 2002, appellant was indicted for one count of attempted murder, in violation of R.C. 2903.02, and one count of felonious assault, in violation of R.C. 2903.11. Appellant pled not guilty to both charges. On September 6, 2002, the jury found appellant guilty of felonious assault and not guilty of attempted murder. On October 1, 2002, the court, after having determined this to be the worst form of the offense, sentenced appellant to seven years in prison.
 {¶ 6} From his conviction and sentence, appellant raises three assignments of error.
 II. {¶ 7} In his first assignment of error, appellant argues, "[t]he trial court refused to charge the jury on the inferior offense of aggravated assault and thereby denied [him] a fair trial."[3] For the reasons stated below, we affirm the decision of the trial court.
 {¶ 8} Aggravated assault is an inferior, but not a lesser included, offense of felonious assault. State v. Deem (1988),40 Ohio St.3d 205, 210-11. Serious provocation must be reasonably sufficient to bring on extreme stress and sufficient to incite or arouse a defendant into using deadly force. State v. Shane (1992),63 Ohio St.3d 630. The court must consider the emotional and mental state of the defendant as well as the conditions and circumstances surrounding him. Id. Appellant's factual basis for requesting such an instruction stems from his being grabbed by the testicles and the arm, actions he argues brought about a sudden passion or fit of rage.
 {¶ 9} Based on the evidence presented at trial, the court did not err by failing to instruct the jury as to aggravated assault. First, appellant failed, even assuming the jury believed his version of the facts, to establish that Zinicola's actions constituted a serious provocation. Considering the circumstances, we do not find that appellant was seriously provoked to justify slashing Zinicola's neck. In particular, Zinicola was in the compromising position of being on his knees; appellant was not alone but in the same room and company of his friend; there was no evidence to suggest Zinicola had a weapon on or about his person; and no evidence suggested appellant could not have exited the condominium without force.
 {¶ 10} Although appellant testified that his testicles and arm were grabbed, these two facts alone do not justify the use of such force. We are also not persuaded by appellant's argument that Zinicola's apparently larger stature justified his actions.[4]
 {¶ 11} Under the facts adduced at trial, the court was under no duty to instruct on the inferior charge of aggravated assault. There was no evidence of provocation sufficient for such an instruction.
 {¶ 12} Appellant's first assignment of error is overruled.
 III. {¶ 13} In his second assignment of error, appellant argues that, "[e]vidence of the accused juvenile adjudication denied him a fair trial according to established law." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 14} Appellant argues that the trial court improperly permitted the state to introduce evidence of his juvenile adjudication for complicity to commit homicide. Appellant acknowledges that there are certain situations where such evidence is permitted, but argues that in the case sub judice, no such situation arose. The state argues that appellant opened the door to such evidence by suggesting his good character to the jury. Therefore, the court properly permitted appellant's prior adjudication for impeachment purposes. We agree with the state.
 {¶ 15} Appellant argues that the following transcript testimony was improper:
 {¶ 16} "Q. Were you afraid of David Capp [sic] at that time?
 {¶ 17} "A. David Capp [sic] got a history of the streets, I
 {¶ 18} don't.
 {¶ 19} "Q. You don't have a history of being on the streets?
 {¶ 20} "A. Not like causing trouble or nothing.
 {¶ 21} "Q. Not like causing any trouble?
 {¶ 22} "A. No.
 {¶ 23} "Q. You have never caused any trouble?
 {¶ 24} "A. I caused trouble but not like serious trouble."
 {¶ 25} It was after appellant's last answer that defense counsel objected and asked to approach the bench. The court denied counsel's request, later reasoning that appellant opened the door to questioning by stating he had not caused trouble in the past.
 {¶ 26} A review of the whole transcript reveals that the state was simply asking whether appellant was afraid of Carp. The answer to that question could have been yes or no. Appellant chose to answer, "David Capp got a history of the streets, I don't." This revelation on his part was not coerced by the state. It is interesting to note that this wasn't the first time appellant attempted to disavow a troubled past.
 {¶ 27} In appellant's statement to the police, he said, "I was scared because I am not a troublemaker."[5] This statement was read aloud to the jury, without objection, by state's witness Detective Carl Gulas ("Gulas"). Further, during the cross-examination of Gulas, defense counsel raised appellant's statement arguing that it was referenced to his state of mind.
 {¶ 28} We find that appellant opened the door to the state's questioning and, therefore, the court properly overruled his objections.
 {¶ 29} Appellant's second assignment of error is overruled.
 IV. {¶ 30} In his third assignment of error, appellant argues, "[t]he lower court erred by improperly denying the introduction of relevant photographs." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 31} Appellant argues that the court improperly prohibited the introduction of photographs of gay pornographic material found in Zinicola's bedroom. Appellant argues that this exclusion deprived him of his confrontation rights guaranteed by the sixth and fourteenth amendments. Specifically, appellant wished to introduce the photographs in order to show that Zinicola's sexual desires were more than simply masturbation and sexual discussion. The state argues that such evidence was properly excluded as irrelevant and prejudicial. We agree.
 {¶ 32} Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Even though evidence may be relevant, the evidence is not admissible when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403(A). Appellant was attempting to show that, because Zinicola owned gay pornographic material, his intentions during the night in question were more than mutual masturbation. Appellant intended these photographs to show that Zinicola was a sexual predator who attempted to rape or assault him. This argument is without merit.
 {¶ 33} An abuse of discretion standard applies to rulings on the admissibility of evidence. Vignal v. Cleveland Clinic Foundation (Sept. 26, 1996), Cuyahoga App. No. 69603. An abuse of discretion implies more than an error of law or judgment. It suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138. In the case sub judice, it is clear that the trial court did not abuse its discretion.
 {¶ 34} The pornographic material at issue was located in Zinicola's bedroom. There was no testimony that the parties ever entered the bedroom area, saw this material, or were even aware of its existence. The trial court noted that had this material played some part in the crime, the admission of the material would not be questioned. Here, however, the trial court found that the admission of these photographs would only serve to inflame the jury. The trial court's analysis is correct.
 {¶ 35} In contrast to appellant's argument, the admission of these photographs would not have served to bolster the credibility of his defense. Rather, the danger of unfair prejudice substantially outweighed the amount of probative value these photographs may have had. The trial court did not abuse its discretion by prohibiting their admission.
 {¶ 36} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J. and ANNE L. KILBANE, J. concur.
[1] The court notes that the state's brief lists the name to be "Capp." The trial transcript spells the name "Carp" and, therefore, this court will accept this to be correct.
[2] Zinicola first met Carp through a gay sex chat-line phone service. After several telephone conversations, they decided to meet. Carp brought appellant with him. Appellant and Zinicola had no prior contact before June 10, 2002.
[3] Aggravated assault is defined as "[n]o person, while under the influence of sudden passion or a sudden fit or rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.12(A).
[4] Appellant also raises the issue of self-defense. As his brief is not in accordance with App.R. 12(A)(2) and App.R. 16(A)(7), this court will not fully address the issue. However, we find that appellant's claim of self-defense to be without merit.
[5] Tr. p. 406.